IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dontavious Darrell Briggman, Sr., | ) |
|                                   Plaintiff, | ) C/A No. 3:21-3375-SAL |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Republic Service, | ) |
|                                   Defendant. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 40.] In the Report, the Magistrate Judge recommends granting Defendant's Motion for Summary Judgment, ECF No. 23. *Id*. at 1. For the reasons stated below, the court **ADOPTS** the Report in its entirety and **GRANTS** Defendant's Motion for Summary Judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts below are construed in a light most favorable to Plaintiff, the non-moving party. Dontavious Briggman, Sr. ("Plaintiff") is African American and holds a Class B Commercial Driver's License. [ECF No. 1-1 at 1.] Plaintiff started working for Allied Services, LLC ("Defendant")[1] as a garbage truck driver at Defendant's West Columbia, South Carolina location on July 2, 2019. *Id.* In November 2019, another drive named Chris, who is white, demanded Plaintiff's West Columbia route based on his seniority and experience. *Id*. at 1-2. Plaintiff refused

---

[1] Defendant is improperly identified in the caption as "Republic Services." The Defendant's formal name is Allied Services, LLC. Defendant does business as Allied Waste Services of Lee County, Republic Services of Lee County, and Allied Waste Services, LLC. For purposes of this Order, the court simply refers to these entities as "Defendant."

to give up the route, but eventually Defendant gave the route to Chris anyway. *Id.* Defendant also cut Plaintiff's hours and assigned Plaintiff to a less desirable route. *Id* at 2-3.

Plaintiff injured his shoulder on March 31, 2020, by falling from the side of his truck. *Id*. at 3. Defendant initially refused to schedule a doctor's appointment for Plaintiff due to a shortage of drivers to cover his route. *Id.* Plaintiff eventually saw a doctor in May 2020 who determined Plaintiff's fall caused a torn rotator cuff, which would require surgery. *Id.* at 3-4. Surgery was scheduled for December 2020. *Id*. at 4. Briggman resigned in October 2020 as part of his worker's compensation claim under the terms of a Settlement Agreement and General Release (the "Agreement"), ECF No. 23-2.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on March 1, 2021, claiming discrimination and retaliation regarding his separation from employment. [ECF No. 23-3 at 2.] Plaintiff stated he was denied a reasonable accommodation and discharged because of his race and shoulder injury. *Id*. He also claimed he was terminated in retaliation for complaining about giving up his route to a white employee. *Id*. The EEOC issued a Dismissal and Notice of Rights on July 30, 2021, advising Plaintiff he had ninety days to file a lawsuit. [ECF No. 1-2 at 2.]

Plaintiff, proceeding *pro se*, filed this employment action against Defendant alleging disparate treatment based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and failure to accommodate and retaliation pursuant to the Americans with Disabilities Act ("ADA"). [ECF No. 1 at 3.] Defendant filed a Motion to Dismiss as to both claims, ECF No. 23, arguing that Plaintiff is precluded from bringing these claims under the terms of the Agreement, ECF No. 23-2. Defendant specifically relies on the following parts of the Agreement:

**1.     Employment Separation and Settlement Pay**

You agree to resign effective _____ (your "Separation Date"). The Company will pay to you any compensation you have earned through the Separation Date.

**2.     Release of Claims Against the Released Parties**

Release: In exchange for the Settlement Pay, you … release, knowingly and willfully, the Company … from any kind of claim you have arising out of or related to your employment and/or the separation of your employment and/or against the Released Parties.

This general and complete release applies to all claims for relief …. The claims that you are releasing include, but are not limited to, claims under the following laws (as amended): … Title VII of the Civil Rights Act of 1964 [and the] Americans with Disabilities Act [.]

**11.    Agreement Not to Seek or Accept Future Employment**

As further consideration, you agree that, because of circumstances unique to you (including irreconcilable differences with the Company), you are not eligible for reemployment with the Company now or in the future and promise that you will not apply for or accept future employment with the Company….

**Acknowledgement and Certifications**

You acknowledge and certify that:

- you have read and you understand all the terms of this Agreement and are not relying on any representation or statement, written or oral, not set forth in this Agreement;

- you are signing this Agreement knowingly and voluntarily;

- through this writing, you are advised to consult with an attorney before signing this Agreement; and

- you have the right to consider the terms of this Agreement for seven calendar days….

[ECF No. 23-2 at 4–5, 8.] Plaintiff signed and dated the Agreement October 27, 2020. *Id.* at 9. He was represented by counsel at the time. *Id.* at 3.

The Magistrate Judge subsequently issued a *Roseboro* order, ECF No. 25, advising Plaintiff of the procedures for dismissal and summary judgment and of the possible consequences for failing to respond adequately to the motion. The *Roseboro* order instructed Plaintiff he had thirty-one days to file any material in opposition to Defendant's motion. [ECF No. 25 at 1.] Plaintiff filed a Letter in Response, ECF No. 38, in which he states it was his "understanding … that I would remain employed with [Defendant] according to HR (Rodni Bryant) whom I kept in communication with during that process." [ECF No. 38 at 1.]

Plaintiff attached a chain of emails between himself and Defendant's Human Resources department ("HR") to support his assertion. [ECF No. 38-1.] In the emails, HR tells Plaintiff that as of July 23, 2020, he was "still employed with the company." [ECF No. 38-1 at 2.] On October 9, 2020, two and half weeks before signing the Agreement, Plaintiff sent another email to HR asking about applying to different jobs within the company. *Id.* at 3-4. HR replied with instructions on how to create internal job applications and job alerts. *Id*.

Defendant filed a Reply in Further Support of Its Motion to Dismiss arguing the emails between Plaintiff and HR do not alter the fact Plaintiff knowingly and voluntarily released his claims. [ECF No. 39 at 2.] The Magistrate Judge subsequently issued the Report, ECF No. 40, converting Defendant's Motion to Dismiss into a Motion for Summary Judgment as required by Rule 12(d), Fed. R. Civ. P., and recommending that this court grant the motion for summary judgment. [ECF No. 40 at 7-8.] Plaintiff filed an Objection to the Report, ECF No. 44, asserting the Report erred in finding he entered the release knowingly and voluntarily. Defendant then filed

its Response to Plaintiff's Objection, ECF No. 45, arguing the Report should be adopted in its entirety. The matter is ripe for this court's review.

**STANDARD OF REVIEW**

I.    **REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## II.     SUMMARY JUDGMENT

Defendant's Motion to Dismiss, ECF No. 23, relies on the terms of release in the Agreement, ECF No. 23-2. The Agreement is not mentioned in the Complaint, and Plaintiff does not rely on the Agreement to support his claims. [ECF No. 1.] Because the Agreement was integral to the Motion to Dismiss but not part of the Complaint, the Magistrate Judge was required to consider evidence outside the pleadings in making her recommendation. As a result, the Magistrate Judge properly converted the Motion to Dismiss into a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). [ECF No. 40 at 2-3.]

When converting a Rule 12(b)(6) motion to a motion for summary judgment, the court generally must give the parties notice that it is converting the motion as well as a reasonable opportunity for discovery. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013) (*en banc*) (*citing Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985); *E. I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 450 (4th Cir. 2011)); *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The *Roseboro* order, ECF No. 25, satisfies the notice requirement. *See Jones v. Phelps*, No. 1:21-00418-JFA, 2021 WL 3667396, at *1 (D.S.C. Aug. 17, 2021).

Following the issuance of the *Roseboro* order, Plaintiff submitted a Letter in Reply, ECF No. 38, with an email chain between himself and Defendant's HR department attached. [ECF No. 38-1.] Defendant then filed its Reply in Further Support of Its Motion to Dismiss. [ECF No. 39.]

The court finds the parties were sufficiently notified, had a reasonable opportunity for discovery, and the motion to dismiss was properly converted into a motion for summary judgment.

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## ANALYSIS

Plaintiff objects to the Report's finding his waiver of rights was knowing and voluntary. [ECF No. 44.] To support his objection, Plaintiff states "I did sign for the settlement, but that was only with the understanding that my case would be closed, and I would be able to go back to work, per the conversation I had with HR." [ECF No. 44.] He also claims that "I did not understand, but I did have legal representation." *Id*.

The Report carefully considers and rejects Plaintiff's argument. Employees are free to release their rights to sue for discrimination under Title VII or the ADA in a private settlement so long as the waiver is knowing and voluntary. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n. 15 (1974); *Shirey ex rel. Kyger v. City of Alexandria Sch. Bd.*, 229 F.3d 1143, *3 (4th Cir. 2000) (Table) (ADA); *Shaw v. N.C. Dep't of Pub. Safety*, 372 F. Supp. 3d 307, 309 (M.D.N.C. 2019) (ADA). When determining whether a waiver of rights was knowing and voluntary, courts generally look to (1) the clarity and specificity of the release language; (2) Plaintiff's education and business experience; (3) the amount of time Plaintiff had for deliberation before signing; (4) whether Plaintiff knew or should have known his rights upon execution of the release; (5) whether Plaintiff was encouraged to seek, or in fact received, the benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the release; and (7) whether the consideration given in exchange for the waiver and accepted by Plaintiff exceeds the benefits to which the Plaintiff was already entitled by law or contract. *See Cassiday v. Greenhorne & O'Mara, Inc.*, 63 F. App'x 169 (4th Cir. 2003); *Scoggins v. Honeywell Int'l, Inc.*, No. 2:11-3028-PMD, 2012 WL 6102031, at *2 (D.S.C. Dec. 10, 2012). [ECF No. 40 p. 6 fn. 3.] Courts look to the totality of the circumstances to determine if a waiver of rights was knowing and voluntary. *Scoggins*, 2012 WL 6102031 at *2 (citing *Melanson v. Browning-Ferris Indus., Inc.*, 281 F.3d 272, 276 (1st Cir. 2002); *Cobb v. Potter*, No. 04-128, 2006 WL 2457812, at *4 (W.D.N.C. Aug. 22, 2006)).

After considering the factors listed above in the light most favorable to Plaintiff, the Magistrate Judge concluded Plaintiff's waiver was knowing and voluntary, and therefore summary judgment was warranted. [ECF No. 40 at 6-9.] The court agrees with the Magistrate Judge and finds Plaintiff's objection without merit.

Based on the seven factors listed above, the totality of the circumstances indicates Plaintiff's waiver was knowing and voluntary. First, the Report correctly found the language of the Agreement clearly and specifically addressed Plaintiff's resignation, waiver of Title VII and ADA claims, and Agreement not to seek reemployment with Defendant. [ECF No. 23-2 at 4-5, 8.] The Magistrate Judge also considered Plaintiff was represented by counsel at the time he entered into the Agreement, ECF Nos. 23-2 at 3, and the seven days he had to think about the terms of the Agreement. *Id*. at 8. The Report correctly found Plaintiff knew or should have known his rights upon execution of the release. Finally, the Magistrate Judge considered the fact Plaintiff does not dispute he signed the Agreement. [ECF No. 40 p. 7.]

In his Objection, Plaintiff admits he signed the Agreement and he was represented by counsel. [ECF No. 44.] His only support for his objection is he thought he would be able to return to work based on conversations he had with Defendant's HR department and he would not have signed the Agreement if he had known it would cause him to lose his job. *Id.* This is insufficient to dispute the Report's finding that Plaintiff entered into the Agreement knowingly and voluntarily. "Settlement agreements operate on contract principles, and thus the preclusive effect of a settlement agreement should be measured by the intent of the parties. *Bala v. Com. of Va. Dept. of Cons. and Rec.*, 614 F. App'x 636, 639 (*quoting Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 211 (4th Cir. 2009)). "Where the parties' intent is clear and unambiguous from the

9

terms of the contract, construed as a whole, we need not and cannot resort to extrinsic evidence of intent." *Id*. (*quoting Goodman v. Resol. Trust Corp*., 7 F.3d 1123, 1126 (4th Cir. 1993)).

Additionally, the terms of the Agreement preclude Plaintiff from relying on the emails from HR, ECF No. 38-1, as a basis for his objection. By signing the Agreement, Plaintiff acknowledged that he would not rely "on any representation or statement, written or oral, not set forth in this Agreement." [ECF No. 23-2 at 8.] Thus, his reliance on the emails as a basis for his objection is improper under the terms of Agreement.

## CONCLUSION

The court finds that the Magistrate Judge properly converted Defendant's Motion to Dismiss into a Motion for Summary Judgment. Additionally, the Court finds no basis for Defendant's objection that the Report erred in finding his waiver was knowing and voluntary. The court **ADOPTS** the Report, and it is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

November 18, 2022
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge